IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02297-CMA-MJW

CONSTANCE J. CLAUDELL,

Plaintiff,

v.

CITY AND COUNTY OF DENVER EMERGENCY MANAGEMENT AND HOMELAND SECURITY,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED Plaintiff's Motion for Leave to File Amended Complaint and Jury Demand (Docket No. 23) is GRANTED for the following reasons. The Amended Complaint (Docket No. 22) is accepted for filing.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

The court notes that defendant did not file a timely response to the subject motion. The court finds, that under circumstances such as this wherein pro bono counsel has recently appeared for plaintiff, leave to amend is appropriate. The court further notes that matter is at the early stages and no scheduling conference has taken place. Finally, the court finds that concerns such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, do not exist.

It is FURTHER ORDERED that Defendant City and County of Denver's Motion to Dismiss (Docket No. 13) is DENIED AS MOOT as the motion is now directed to an

inoperative, superceded pleading.  <u>See, e.g.</u>, <u>Gilles v. United States</u>, 906 F.2d 1386, 1389 (10th Cir. 1990) (stating that "a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies") (internal quotation marks omitted).

<u>Date: January 3, 2014                                                                          </u>